■ GREEN POINT SAVINGS BANK, Respondent, v JOSEPH MARINO, JR., Also Known as JOSEPH L. MARINO, Appellant, et al., Defendants. [617 NYS2d 19] —Order of the Supreme Court, New York County (Myriam J. Altman, J.), entered on or about July 15, 1993, which denied defendant-appellant's motion for an order of recusal and imposed $1,000 sanctions against both appellant and his counsel for frivolous motion practice, is modified, on the law and facts, to reverse and vacate that portion of the order imposing sanctions, and otherwise affirmed, without costs or disbursements.

Defendant-appellant's assertion that the court was biased in favor of plaintiff is not supported by the record. The IAS

Court was correct in denying defendant's motion for its recusal and in finding the motion to be without any merit. While a court may, in its discretion, "award to any party or attorney in any civil action * * * costs * * * [and], in its discretion, may impose financial sanctions upon any party or attorney * * * who engages in frivolous conduct" (22 NYCRR 130-1.1 [a]), the IAS Court should not have imposed such sanctions against defendant and his counsel without affording them proper notice. Pursuant to 22 NYCRR 130-1.1 (d), "[a]n award of costs or the imposition of sanctions may be made either upon motion * * * or upon the court's own initiative, *after a reasonable opportunity to be heard*" (emphasis added). Further, the award of sanctions was not made "upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate" (22 NYCRR 130-1.2).

Plaintiff's cross motion for relief, pursuant to CPLR 3126, was not sufficient notice to defendant or counsel that the court would possibly levy sanctions for frivolous motion practice inasmuch as that section solely deals with sanctions for a party's failure to comply with discovery requests. Concur— Murphy, P. J., Wallach and Asch, JJ.

Kupferman, J., dissents and would affirm.